Scott Zarin, Esq.
Zarin & Associates, P.C.
One Penn Plaza, Suite 4615
New York, New York 10119
scottzarin@copyrightrademarkcounsel.com
Tel: (212) 580-3131 * Fax: (212) 580-4393

December 7, 2015

**Via ECF**

Honorable Anne Y. Shields
United States District Court
Eastern District of New York
Long Island Federal Courthouse
Central Islip, New York 11722

Re:   *Gumwand, Inc. v. Gum Wand, Ltd.*/E.D.N.Y. 15-707

Dear Magistrate Judge Shields:

I represent Defendants Gumwand Ltd. and Martin Whitbread ("Defendants") in the above-referenced action. I write to request permission to withdraw as counsel of record in this action, pursuant to Local Civil Rule 1.4.

"Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under *Local Rule 1.4*." *Team Obsolete, Ltd. v. A.H.R.M.A. ltd.*, 464 F. Supp.2d 164, 165 (E.D.N.Y. 2006). Moreover, "[t]he courts also have ruled that lack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal." *Hallmark Capital Corp. v. Red Rose Collection*, 1997 U.S. Dist. LEXIS 16328 at *5 (S.D.N.Y. October 21, 1997).

As the Court is aware, the parties in this action have been discussing settlement almost since the outset of this case. In mid-August I sent Defendants a bill for my services. After doing so, I wrote Defendants a number of e-mails regarding Plaintiff's settlement proposal and requesting payment of my bill. Defendants did not respond.

On October 22, 2015, Defendants finally responded to my e-mails, providing their thoughts on settlement and indicating that they would pay my bill. In good faith, shortly thereafter, I communicated with Plaintiff's counsel, Jerry Dunne, Esq., regarding Plaintiff's proposed settlement. On November 10, 2015, Plaintiff's counsel sent me a draft settlement agreement. Immediately thereafter, I forwarded that draft agreement to Defendants for comments and again requested payment of my bill. On November 16, 2015, Defendant

Martin Whitbread's ("Whitbread") wife informed me that Mr. Whitbread was in the hospital and therefore was unable to provide me with his comments at that time. I related this information to Plaintiff's counsel and requested the Court to adjourn the status conference which was then scheduled for November 19, 2015. The Court granted this request, adjourning the conference until December 10, 2015. Since November 16, 2015, although I have written e-mails to Defendants, I have not received any communication from Mr. Whitbread, his wife or anyone else employed by Defendant Gum Wand. Nor have I received payment on my bill.

On Friday, December 4, 2015, I sent Mr. Whitbread a draft of this letter and indicated that I intended to file it with the Court unless he responded to my e-mails and paid my bill. Mr. Whitbread did not respond to this request. Instead, Mr. Whitbread wrote an e-mail directly to Plaintiff's counsel and did not even copy me on this communication. Yesterday, Plaintiff's counsel forwarded me a copy of Mr. Whitbread's e-mail.

Defendants' refusal both to pay me for services rendered and to communicate with me regarding the case has made it impossible for me to continue representing Defendants. Accordingly, I request the Court to permit me to withdraw as counsel of record in this matter. Moreover, I request an adjournment of the conference scheduled for December 10, 2015 until such time as Defendants have an opportunity to retain new counsel.

As fact discovery is not scheduled to close until March 24, 2016, Defendants would not be prejudiced by my withdrawal at this time. Moreover, until such time as Defendants pay my bill, I am asserting a retaining lien on the file in this case. Thank you.

Sincerely,

Scott Zarin, Esq.

cc: Martin Whitbread (via e-mail)
    Gum Wand Ltd. (via e-mail)
    Jerry F. Dunne, Esq. (via ECF)